**DESCENT OF PROPERTY THROUGH DECEASED WIFE.**

Circuit Court of Cuyahoga County.

HENRY C. HOLMDEN ET AL V. ELIZABETH J. CRAIG. *

Decided, November 1, 1909.

*Will—Intestacy as to Part of Estate.*

1. A wife without children died leaving a will whereby she devised the income of her real estate for five years to her husband and provided that at the end of the five years said real estate should become his in absolute ownership; the husband died within the five years. *Held:* Said real estate descended to the heirs of the husband.

2. One may leave a will and yet die intestate as to part of his property.

*H. H. Johnson,* for plaintiffs in error.
*Smith, Taft & Arter,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought in the court below by Elizabeth J. Craig against the several plaintiffs in error here, alleging that the

---

* Affirmed without opinion, *Holmden v. Craig,* 83 Ohio State, 483.

plaintiff (plaintiff below) is the owner of certain real estate described, and that defendants (plaintiffs in error) each claim to have an interest in the premises adverse to the estate of the plaintiff. The prayer of the petition is to have the title of the plaintiff quieted as against any claim of any of the defendants. The defendants by their third amended answer set out these facts: that one Mary H. Craig was, in her lifetime, seized in fee simple of the premises described in the petition, and being so seized she died; that she was then the wife of one W. E. Craig; that she left no issue of her body; that prior to her death she executed a last will and testament, which was duly admitted to probate. Among the provisions of said will were the following:

·· Item 2. I give and bequeath to my said husband W. E. Craig all my personal property of whatever description and wherever the same may be.

"Item 3. I give and bequeath to my said husband W. E. Craig, the use of and all rents collected of any and all my real property, wherever the same may be for a period of five years from the date of my death.

"Item 4. I give, devise and bequeath to my said husband W. E. Craig, all my real property wherever the same may be, however, not to become his in absolute ownership until five years from the date of my death."

The said Mary H. Craig died on the 2d day of December, 1903, and the said W. E. Craig died on the 12th day of May, 1908.

The defendants below, plaintiffs in error, are the brothers and sisters of the said Mary H. Craig.

The said W. E. Craig left a last will and testament which was duly admitted to probate after his death, in which he in terms devised the real estate described in the petition to the defendant in error, so that whatever title W. E. Craig had to these premises at the time of his death is now in the defendant in error.

It is urged on behalf of the plaintiffs in error that W. E. Craig had no estate in these premises except such as he got by virtue of the provisions of the will of the said Mary H. Craig, and that since by her will it was provided that said premises were "not to become his in absolute ownership until five years from

the date of my death'' and that since he died within five years
from the death of his wife, the premises never were his, and
that therefore any attempt on his part to dispose of the same
by will must go for naught, and that since with the husband's
rights out of the way, the plaintiffs in error are, as the heirs
at law of the said Mary H. Craig, the owners of the premises
by inheritance from her.

The plaintiffs in error claim, as appears by brief of counsel
filed in the case, to inherit under Section 4158 of the Revised
Statutes.  This section provides for the order of descent as fol-
lows:

"When a person dies intestate, having title or right to any
real estate or inheritance in this state, which title came to such
intestate by descent, devise, or deed of title or gift from an
ancestor,'' etc.

It will be noticed that this section applies only to·such real
estate as came to the intestate by descent, devise or deed of
gift from an ancestor.   There is no allegation in this answer that
the premises came to Mary H. Craig by descent, devise or deed
of gift from anybody.  In her, so far as appears, this estate
was not ancestral, and will therefore be presumed to have come to
her by purchase, in any event not by descent, devise or deed
of gift from an ancestor, so that there is nothing in the facts
alleged in this answer to bring the descent within the provisions
of this section, for these plaintiffs in error, if they had any
title derived by inheritance from the said Mary H. Craig, must
stand upon their rights as heirs of one who died seized of real
estate which came by purchase, that is to say, not by descent,
devise or deed of gift from an ancestor.   Descent of such lands
is provided for in Section 4159 of the Revised Statutes.   This
section provides for the descent of lands of one dying intestate,
and names as heirs:

"First.   To the children of the intestate or their legal repre-
sentatives.
"Second.   If there are no children, or their legal representa-
tives, the estate shall pass to and be vested in the husband or
wife, relict of such intestate.

"Third.  If such intestate leaves no husband or wife, relict to himself or herself, the estate shall pass to the brothers and sisters of the intestate of the whole blood, and their legal representatives."

It is then only upon the hypothesis that as to whatever estate there was in these lands, other than the right of the husband to the use and rents thereof for the period of five years after the death of Mary H. Craig, she died intestate.

It is urged on behalf of the plaintiffs in error that this section does not apply, because Mary H. Craig left a will, and therefore did not die intestate, and that being so, the husband's rights are not such as they would have been had she died intestate.  But this reasoning applies as well to them as to the husband.  It is only when the owner of lands dies intestate that either becomes the heir under this section of the statute.  The definition of the word intestate, as given in Anderson's Law Dictionary, is: "Without a will; the status of a person who died without having disposed of his property by means of will, and the condition in which the property itself stands before the law; as intestate estate."

Under this definition it may be said that Mary H. Craig did not die intestate because she left a valid will, but by this will she made no disposition of these premises except an estate in her husband for five years, unless it be held that the husband became the absolute owner by virtue of the will.  It is not necessary to determine this question as we view the case, because, if the husband did not become the owner by virtue of the will, then, as to these premises (subject to his five year's rights), she died intestate.  And to the extent that she died intestate under the provision of this last quoted section of the statute, the premises descended to and became vested in the husband as her heir. The word heir being used in the sense that it means those entitled to the estate by inheritance, because it is the husband who comes first as inheritor, before the brothers and sisters of the intestate, so that the husband, relict, became either the absolute owner of these premises by the terms of the will, or he became the absolute owner by virtue of his inheritance under Section 4159.

We are cited to the case of *Blackman* v. *Wadsworth,* decided by the Supreme Court of Iowa, and reported in the 21 Northwestern, at 190, the second clause of the syllabus of which reads:

"A widow is not an 'heir' to her deceased husband, and as such entitled to a lapsed legacy under the provision of Code, 2337."

Without further going into an examination of this case attention is called to the case of *Weston* v. *Weston,* 38 Ohio St., 473, where it is said in express terms that under the circumstances of that case the widow of the testator succeeded to the property under the will as *heir* at law of the testator.

Whoever, by virtue of law, succeeds to the rights of an intestate in real property, is heir of such intestate, so that a husband upon whom the title to real estate is cast by the death of the intestate, is properly spoken of as the heir of the intestate. However, it is a matter of indifference whether the word heir be the proper term to apply to him who inherits. The section of the statute referred to does provide that under certain circumstances the husband shall become the owner of real estate left by the deceased wife, and in this case, the only argument used against the right of the husband in this property is equally fatal to any claim on the part of the plaintiffs in error, because their rights as well as the rights of those claiming under the deceased husband, are dependent upon the statute which provides for the descent of real estate from one who dies intestate.

That one may die intestate as to certain property and not intestate as to all, is recognized by numerous authorities. Indeed, it seems too plain for argument.

In the case of *Bane* v. *Wick,* 19th Ohio Reports, page 328, the court had under consideration a will in which the testator bequeathed certain property. On the one hand it was claimed that the will disposed of his entire estate; on the other that it disposed of part of his entire estate only; Judge Spalding announcing the decision of the court, begins with these words:

"The only question raised by the pleadings for our consideration, is this: Did Henry Wick, by his last will and testament,

dispose of his entire estate? If he did, there is an end of the case, for no one has doubted his right, under all the circumstances, to make a full testamentary disposition of his property. If he did not, then, under the statute of 'descent and distribution,' the complainants, as the legal representatives of Matilda Bane, will take the one-eighth part of such intestate estate.'' Here recognizing that though one dies leaving a will, he may leave an intestate estate.

In the case of *Gillen et al* v. *Kimball et al*, 34 Ohio St., 352, it is clearly recognized that one may die leaving a will and still die intestate as to some part of the property.

In *Gilpin* v. *Williams et al*, 17 Ohio St., 397, the second clause of the syllabus reads:

''Where a testator devises to his 'daughter E, during her natural life, and to her children after her death forever,' one-eighth part of his real estate, and there is no provision in the will in respect to a disposition of the remainder in case E shall die without having had issue, and there is nothing in the will showing a contract intention on the part of the testator, E takes a life estate only; although, on the death of E without having had issue, the testator will have died intestate as to the contingent reversion of her share, and the same will revert to his heirs general.''

And there are numerous other authorities to the same proposition that one may die leaving a will and still die intestate as to part of his property.

In the case of *Doyle* v. *Doyle*, 50 Ohio St., 330, a husband died leaving a will which was duly admitted to probate, and leaving a widow. No mention was made in the will in any wise of the wife, who, at his death became his widow. She brought suit for dower and a distributive portion of the personal estate. It was urged against her claim that she was not entitled to any dower or distributive portion of it, because she did not come within any of the provisions of the statute entitling her thereto. The provisions being that where a husband dies intestate, his widow shall be entitled to dower and a distributive portion of his personal estate. And the only other provision in reference to the question, is that where any person shall die leaving a

widow, and leaving a last will in which some provision is made
for such widow, she shall have her election whether to accept
the provisions of the will or to take dower and a distributive
portion of the personal estate."

Clearly Mrs. Doyle came under neither of these provisions and
yet the court say, in the last sentence of the syllabus: "As to
her in such case, he is regarded as dying intestate."

So that it is recognized by the courts that one may die tes-
tate as to a part of his property, and intestate as to the balance,
and he may be testate as to certain persons and intestate as to
others. For here it is said, that Doyle died intestate as to his
wife.

In *Baker* v. *Baker*, 51 Ohio St., 217, a will is defined to be a
disposition of property to take effect after death.

In *Crane* v. *Doty*, 1 Ohio St., 279, a will is defined to be "an
instrument by which a person makes a disposition of his prop-
erty, to take effect after his decease."

In *Bailey* v. *Bailey*, 8 Ohio, 238, this language is used:

"What is a will? In Ohio, it is an instrument in writing
signed by the party making the same, or by some other person in
his or her presence, and by his or her express direction, at-
tested and subscribed by two or more credible witnesses, and
by which the party executing the same, makes a disposition of
his or her property, to take effect after his or her death."

Of course, this last definition would exclude non-cupative
wills, but the will under consideration in this case, not being
such, these definitions which are practically alike, may be taken
as the true definition of a will.

It has been defined as the means whereby one may dispose of
his property, to take effect at his death. Indeed all definitions
of a will include the idea that it is a means of disposing of
property, to take effect at the death of the testator. We must
bear in mind that a will always disposes of property. It is clear,
therefore, that a written instrument in the form of a will which
makes no disposition of property is not a will. To illustrate:
If one were to provide in a writing executed in conformity with
the law in relation to the execution of wills, in which the only

provision made is in these words, "I will and direct that my son John shall receive no part of my estate at my death," it would seem clear that this instrument was not a will. It disposes of nothing. It leaves all the property of the deceased undisposed of, and so the party executing such an instrument would die intestate. See *Crane* v. *Doty*, 1 Ohio St., 279.

And to the extent that one dies leaving property undisposed of by will, he may properly be said to have died intestate, and it is clearly in this sense that the word "intestate" is used in the statute, and the statute is to be construed to mean as though it read:

When any person shall die leaving no will by which his real estate is disposed of, the same shall descend and pass as follows.

Suppose Mary H. Craig had by her will bequeathed to John Doe the sum of one hundred dollars and had made no other disposition of any property, it could not, with any sort of propriety, be said that her real estate would not descend to these persons named in the statute as entitled to the inheritance where one dies intestate.

The result of this reasoning is that we hold that W. E. Craig was the owner of these premises at the time of his death, and that the defendant in error is, by virtue of his will, the owner, as against any claim of any of the plaintiffs in error, and the judgment of the court of common pleas is affirmed.